UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SLIMANE BENABDELMOUTALEB,

                      Petitioner,

  –against–

JOHN ASHCROFT, United States Attorney
General,

                      Respondent.
----------------------------------------------------------X

MEMORANDUM & ORDER
04-CV-3237 (NGG)

GARAUFIS, United States District Judge.

On May 20, 2005, the court issued a Memorandum & Order ("M&O") dismissing Slimane Benabdelmoutaleb's petition for a writ of habeas corpus challenging the lawfulness of a removal order issued by an immigration judge in Oakdale, Lousiana. See Benabdelmoutaleb v. Ashcroft, No. 04 Civ. 3237, 2005 WL 1220934 (E.D.N.Y. May 20, 2005) (slip copy). The Clerk of Court entered judgment on May 23, 2005. The government now moves, pursuant to Local Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure, for reconsideration of the M&O on the grounds that the court lacked jurisdiction at the time it was decided because of passage of the REAL ID Act of 2005 ("RIDA"), Pub. L. No. 109-13, Div. B.[1] Benabdelmoutaleb has not responded to the government's motion.

As the government correctly points out in its motion for reconsideration, RIDA's enactment on May 11, 2005 served to strip this court of jurisdiction to enter its May 20 M&O, thus rendering it void. RIDA amended the judicial review provisions of section 242 of the

---

[1] The government does not seek reconsideration of that portion of the M&O that transferred Benabdelmoutaleb's challenge to the lawfulness of his present physical confinement to the United States District Court for the Western District of Louisiana.

1

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, by adding, <u>inter</u> <u>alia</u>, the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act.. . .

REAL ID Act § 106(a)(1)(B). Therefore, under RIDA, the courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion.

Moreover, RIDA included enactment provisions that gave it immediate effect on pending cases upon being signed into law. Specifically, the statute requires that a district court transfer any cases currently before it:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

REAL ID Act § 106(c). Under INA § 242(b)(2), a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."

Accordingly, it is clear that the court lacked jurisdiction to issue the May 11 M&O. As a result, the court grants the government's motion and hereby vacates the portion of the May 11 M&O addressing Benabdelmoutaleb's challenge to his final order of deportation along with the corresponding portion of the May 23, 2005 judgment. The Clerk of Court is directed to reopen

the case with respect to Benabdelmoutaleb's challenge to his final order of deportation and transfer it to the Fifth Circuit Court of Appeals, the judicial circuit in which the immigration proceedings occurred.

In a June 15, 2005 letter to the court, Benabdelmoutaleb requested that the court lift the stay of removal so that he could be deported. Accordingly, the court hereby lifts its previously entered stay of removal.

SO ORDERED.

Dated: June 29, 2005 /s/ Nicholas Garaufis
     Brooklyn, N.Y. NICHOLAS G. GARAUFIS
                                                         United States District Judge